IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Debtor. ) | |
| ) | |
| CAROLE TAYLOR, ) | Civil Action No. 12-1739 |
| ) | |
| Appellant, ) | Bankruptcy No. 10-20954 (JKF) |
| ) | Adversary No. 12-2299 (JKF) |
| v. ) | |
| ) | |
| RONDA J. WINNECOUR, Chapter 13 Trustee ) | |
| ) | |
| Appellee. ) | |

# **O R D E R**

AND NOW, this 17th day of January, 2013, upon consideration of Appellee Ronda J. Winnecour's Motion to Dismiss (Docket No. [4]) and Appellant Carole L. Taylor's "Answer Response to Ronda Winnecour's Motion to Dismiss her Appeal" (Docket No. [9]),

IT IS HEREBY ORDERED that Appellee's Motion to Dismiss [4] is GRANTED and the appeal is hereby DISMISSED, for lack of subject matter jurisdiction.  In so holding, the Court notes that District Courts have jurisdiction over appeals from decisions and orders of the Bankruptcy Court, but such jurisdiction is limited to those appeals made "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2); *see also In re Caterbone*, 640 F.3d 108, 111 (3d Cir. 2011).  This Court lacks jurisdiction over the instant appeal because it was untimely filed in violation of Rule 8002, which provides that a "notice of appeal shall be filed with the clerk within 14 days of the entry of the judgment, order or decree appealed from."  FED. R. BANKR. P. 8002.  In this regard, the Court Order challenged by Appellant in this case was filed by the Honorable Judith K. Fitzgerald on October 1, 2012.  (Docket No. 1). Appellant did not file her Notice of Appeal with the Bankruptcy Court until October 26, 2012 – or 25 days after the Order was issued.  (*Id.*).  Further, Appellant did not seek an extension of time to file her appeal

1

outside the 14-day appeal period from the Bankruptcy Court as is permitted under Rule 8002(c).  *See* FED. R. BANKR. P. 8002 (c).  Thus, Plaintiff's appeal is untimely and must be dismissed for lack of jurisdiction. *See Taylor v. Winnecour*, Civ. A. No. 12-1846, Docket No. 11 (W.D. Pa. Jan. 10, 2013) (Schwab, J.). Finally, Appellant has made no argument in her Response which would undermine this result.[1]  (*See* Docket No. 9).  Indeed, Appellant does not even address the timeliness of her appeal in this filing but argues other points concerning the purported flaws in the settlement agreement reached in her prior cases and the alleged improper conduct of litigants involved in those matters.  (*Id.*).  Given that the appeal is untimely, the Court need not reach the issue of whether the settlement agreement also precludes the appeal.

    IT IS FURTHER ORDERED that Appellant's "Motion Urgent Open Certain for Supercedeas Injunction (Stay)" (Docket No. [8]) is DENIED, as moot.

    FINALLY, IT IS ORDERED that the Clerk of Court shall mark this case CLOSED.

                  *s/Nora Barry Fischer*
                    Nora Barry Fischer
                    United States District Judge

cc/ecf: Counsel of record

cc:    Carole L. Taylor
       1112 N. Negley Avenue
       Pittsburgh, PA 15206
       (Regular & Certified Mail)

---

1    The Court notes that even if she had made an argument that the appeal should be permitted based on excusable neglect, her argument would be rejected given the Court of Appeals' decision in *In re Caterbone*, 640 F.3d at 113-14.  There, the Court of Appeals held that arguments as to excusable neglect seeking to invoke the exception under Rule 8002(c) must be raised within the time period for appeal (14 days) plus the time period for extensions (21) or within 35 days of the order being entered.  *Id.*  Here, the challenged Order was entered by Judge Fitzgerald on October 1, 2012, making any such motion or argument due by November 5, 2012 – a date which has long since passed.